UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CREDIT SUISSE FIRST BOSTON, MBS ARMT 2005-2; AND U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR ADJUSTABLE RATE MORTGAGE TRUST 2005-2, ADJUSTABLE RATE MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-2,<br><br>         Plaintiffs,<br><br>  vs.<br><br>KELLY EDWARDS, INDIVIDUALLY, AND AS TRUSTEE OF THE EDWARDS FAMILY TRUST U/D/T DATED SEPTEMBER 19, 1996; WILLIAM ALLEN HEMMER, DOES 2 THROUGH 20, INCLUSIVE,<br><br>         Defendants. | CIV. NO. 23-00044 LEK-WRP |

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO REMAND**

On February 15, 2023, Plaintiff U.S. Bank National

Association, as Trustee for Adjustable Rate Mortgage Trust 2005-

2, Adjustable Rate Mortgage-Backed Pass-Through Certificates,

Series 2005-2 ("Plaintiff"), filed its Motion to Remand

("Motion").  [Dkt. no. 12.]  Pro se Defendant William Allen

Hemmer ("Hemmer") filed his memorandum in opposition to the

Motion on February 28, 2023 ("Hemmer Opposition"), and pro se

Defendant Kelly Anne Edwards ("Edwards") filed her memorandum in

opposition to the Motion on March 1, 2023 ("Edwards

Opposition"). [Dkt. nos. 17, 18.] Plaintiff filed its reply on March 15, 2023. [Dkt. no. 23.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). For the reasons set forth below, Plaintiff's Motion is granted as to the request to remand the case and denied as to the request for an award of removal-related expenses.

## BACKGROUND

U.S. Bank N.A., as Trustee for Credit Suisse First Boston, MBS ARMT 200-5 ("U.S. Bank/Credit Suisse"), originally filed this foreclosure action in the State of Hawai`i Circuit Court of the Third Circuit - Kona Division ("state court") on January 30, 2015. See Certified Record, filed 2/14/23 (dkt. no. 13), at Attachment 9 (Complaint for Declaratory Relief and Judicial Foreclosure of Mortgage ("Complaint")).[1] The defendants named in the Complaint were: the Estate of Stewart D. Edwards also known as Stewart Denzil Edwards ("the Estate"); and Kelly Edwards also known as Kelly Anne Edwards, individually, and as Trustee of the Edwards Family Trust U/D/T Dated September 19, 1996 ("Edwards Individually" and "Edwards as Trustee"). [Id. at

---

[1] The Complaint is number 13-9 in the docket of the instant case. All subsequent citations to documents included in the state court's Certified Record will be cited by the docket number in the instant case.

2

¶¶ 4-5, 7.]  The Complaint sought the judicial foreclosure of a certain parcel of real property on the Island of Hawai`i ("the Property") of which Stuart D. Edwards and Edwards as Trustee were the current or former owners.  See id. at ¶ 2 (describing the Property); id., Exh. A (legal description of the Property). The Complaint stated, upon information and belief, that Stuart Edwards was deceased.  [Dkt. no. 13-9 (Complaint) at ¶ 6.]  A copy of his death certificate was attached to the Complaint. [Dkt. no. 13-9 (Complaint) at PageID.807 (Exh. C (redacted copy of Stuart D. Edwards State of California Certificate of Death)).]

A Return and Acknowledgment of Service for the Estate and another Return and Acknowledgment of Service for both Edwards Individually and Edwards as Trustee were filed on June 30, 2015.  [Dkt. nos. 13-11, 13-12.]  Both forms stated that service was made on June 15, 2015, in California, upon the same person - Austin Canales, who appears to have been Edwards's daughter's boyfriend.  See dkt. no. 13-11 at PageID.855; dkt. no. 13-12 at PageID.859.

On July 7, 2015, Edwards, proceeding pro se, filed an answer to the Complaint on behalf of the Estate and on behalf of herself, both individually and in her capacity as trustee.  See dkt. no. 13-13 (Answer to Complaint for Declaratory Relief and Judicial Foreclosure ("Answer")) at PageID.864.  The Answer

stated Edwards was, at that time, "and at all times relevant to this action, a resident of the County of Monterey, State of California." [Id. at PageID.864, ¶ 1.]

The June 15, 2015 service on Canales was not effective as to the Estate, and U.S. Bank/Credit Suisse filed an ex parte motion to extend the deadline to serve the Estate. [Dkt. no. 13-15 (Ex Parte Motion to Extend Service Deadline).] Plaintiff's counsel stated Plaintiff had been unable either to locate a representative of the Estate or to open a probate case to effectuate service on the Estate. [Id., Decl. of Lloyd T. Workman at ¶ 5.] The state court granted the motion and extended the service deadline to November 30, 2015. [Id. at PageID.915 (Order Granting Extension of Service Deadline).]

U.S. Bank/Credit Suisse thereafter attempted to execute service on the heirs of the Estate. Brielle Edwards was personally served on October 21, 2015 in California, and service was executed on Chantelle Edwards by serving Brielle Edwards on that same date. See dkt. no. 13-19 (Return and Acknowledgment of Service, signed by Brielle Edwards, filed on 11/10/15); dkt. no. 13-20 (Return and Acknowledgment of Service, signed by Brielle Edwards, filed 11/10/15). Amanda Nelson and Susannah Baldock were each personally served in Illinois on October 28, 2015 and October 29, 2015, respectively. See dkt. no. 13-21 (Return and Acknowledgment of Service, filed 11/12/15); dkt.

4

no. 13-23 (Return and Acknowledgment of Service, filed 11/12/15. Patricia Cannon was personally served on October 22, 2015 in California. See dkt. no. 13-22 (Return and Acknowledgment of Service, filed 11/12/15). Service was executed on Teresa Kisch by service on her daughter, Sarah Kisch, on February 2, 2016 in Illinois. See dkt. no. 13-26 (Return and Acknowledgment of Service, filed 2/12/16).

On September 6, 2016, the state court entered an order granting U.S. Bank/Credit Suisse's motion to have Plaintiff substituted as the real party in interest. [Dkt. no. 13-47.] On September 26, 2016, Plaintiff filed a Motion for Summary Judgment and for Interlocutory Decree of Foreclosure. [Dkt. no. 13-64.] On December 8, 2016, the state court issued its findings of fact, conclusions of law, and order granting Plaintiff's motion ("FOF/COL"). [Dkt. no. 13-83.] The state court found that Stuart Edwards executed an Adjustable Rate Note dated December 10, 2004 ("Note"), and Kelly Edwards and Stuart Edwards executed a mortgage dated December 10, 2004 securing the Note ("Mortgage"). [Id. at PageID.2006-07, ¶¶ 3-4.] The state court also found that Plaintiff was the holder of the Note, and that the Mortgage securing the Note constituted an interest in the Property. The state court found that the Estate and Kelly Edwards might claim an interest in the Property as the owners, or former owners of the Property or as mortgagors. However, the

5

state court also found that the Estate, Stuart Edwards, and Kelly Edwards were in default under the Note and Mortgage.  [Id. at PageID.2007-08, ¶¶ 7-10.]  The state court further found that Plaintiff was entitled to foreclose upon the Mortgage and to have the Property sold.  [Id. at PageID.2009, ¶ 15.]  The state court directed that the Property be sold at a public auction, and the state court appointed a commissioner to take title and possession of the Property, rent it pending foreclosure, and conduct the sale.  [Id. at PageID.2011-12, ¶¶ 4-5.]  Also on December 8, 2016, a judgment was entered pursuant to the FOF/COL ("Foreclosure Judgment").  [Dkt. no. 13-84.]

Edwards filed a Notice of Appeal from the Foreclosure Judgment on January 10, 2017.  [Dkt. no. 13-87.]  While the appeal was pending, the foreclosure sale went forward.  See, e.g., dkt. no. 13-91 (Plaintiff's Motion for Confirmation of Foreclosure Sale, Allowance of Costs, Commissions and Fees, Distribution of Proceeds, Directing Conveyance and for a Writ of Possession/Ejectments, filed on 5/31/17 ("Motion to Confirm")).  However, the state court denied the Motion to Confirm and vacated the FOF/COL in light of two recent decisions by the Hawai`i Supreme Court - Bank of America, N.A. v. Reyes-Toledo, 139 Hawai`i 361, 390 P.3d 1248 (2017), and U.S. Bank, N.A. v. Mattos, 140 Hawai`i 26, 398 P.3d 615 (2017).  See dkt. no. 13-106 (order filed on 8/4/17).

6

On April 24, 2018, the State of Hawai`i Intermediate Court of Appeals ("ICA") issued a summary disposition order vacating the Foreclosure Judgment and remanding the case for further proceedings, based on Reyes-Toledo and Mattos.  [Dkt. no. 13-118.²]

After the case was remanded, Edwards filed a motion seeking leave to amend her Answer in order to file counterclaims ("Edwards's Motion for Leave").  See dkt. no. 13-151 (Edwards's Motion for Leave, filed 4/22/20).  The state court granted Edwards's Motion for Leave in part, insofar as it allowed Edwards to file an amended answer, but it denied Edwards's Motion for Leave as to the request for leave to assert counterclaims.  See dkt. no. 13-160 (order, filed 9/1/20, granting Edwards's Motion for Leave in part and denying it part ("9/1/20 Order")).  On September 17, 2020, Edwards filed a motion for reconsideration of the 9/1/20 Order, and the state court issued an order denying the motion on November 17, 2020 ("11/17/20 Order").  [Dkt. nos. 13-161, 13-171.]  Edwards attempted to appeal the 9/1/20 Order and the 11/17/20 Order to the ICA.  See dkt. no. 13-174 (Notice of Appeal to the Hawaii Intermediate Court of Appeals, filed 12/16/20).  The ICA dismissed the appeal because, inter alia, no final, appealable

---

² The ICA's decision is also available at 2018 WL 1919191.

judgment had been entered in this case and Edwards had not satisfied the requirements for an interlocutory appeal.  <u>See generally</u> dkt. no. 13-181 (Order Dismissing Appeal for Lack of Appellate Jurisdiction, filed in the state court on 3/10/21).[3]

On December 7, 2020, Plaintiff moved for summary judgment, but the state court denied the motion.  <u>See</u> dkt. no. 13-173 (Plaintiff's Motion for Summary Judgment Against All Defendants and for Interlocutory Decree of Foreclosure); dkt. no. 13-193 (Order Denying Plaintiff's Motion for Summary Judgment Against All Defendants and for Interlocutory Decree of Foreclosure, filed 11/3/21).

On June 3, 2022, Plaintiff sought leave to amend its complaint to add Hemmer as a defendant, alleging, *inter alia*, that Edwards conveyed the Property to Hemmer on December 13, 2019 ("Plaintiff's Motion for Leave").  <u>See</u> dkt. no. 13-202. The state court granted Plaintiff's Motion for Leave on June 28, 2022, and Plaintiff filed its First Amended Complaint for Declaratory Relief and Judicial Foreclosure of Mortgage ("First

---

[3] The ICA's order, which was filed in the appellate case on March 9, 2021, is also available at 2021 WL 869033.  Edwards filed a motion for reconsideration of the order on March 18, 2021, and the ICA granted it in part and denied it in part in an order issued on April 1, 2021.  <u>See</u> <u>U.S. Bank Nat'l Ass'n v. Estate of Edwards</u>, No. CAAP-20-0000760, 2021 WL 1220984 (Hawai`i Ct. App. Apr. 1, 2021).  The portion of the ICA's original order as to which the ICA granted reconsideration is not relevant to the issues currently before this Court.

Amended Complaint") on June 29, 2022.  See dkt. no. 13-216
(order granting Plaintiff's Motion for Leave); dkt. no. 13-5
(First Amended Complaint).

Edwards and Hemmer ("Defendants") were each personally
served with the First Amended Complaint on December 28, 2022 in
California.  See dkt. no. 13-249 (Return and Acknowledgement of
Service for Edwards as Trustee, filed 1/5/23); dkt. no. 13-250
(Return and Acknowledgement of Service for Edwards Individually,
filed 1/5/23); dkt. no. 13-251 (Return and Acknowledgement of
Service for Hemmer, filed 1/5/23).  Edwards filed her answer to
the First Amended Complaint on January 17, 2023 ("Edwards
Answer").  [Dkt. no. 13-255.]  Included within the Edwards
Answer were: a copy of Edwards's Motion for Leave, [id. at
PageID.11995-12343,] which was filed and denied in 2020; and
Defendants' Motion for Leave to File Counterclaim; Enjoin
Necessary Parties and Demand for Jury Trial ("Defendants' Motion
for Leave"), [id. at PageID.12344-59].

Hemmer filed his answer to the First Amended Complaint
on January 18, 2023 ("Hemmer Answer").  [Dkt. no. 13-262.]  The
Hemmer Answer includes counterclaims against: U.S. Bank/Credit
Suisse; Plaintiff; U.S. Bank, N.A. ("U.S. Bank"); Wells Fargo
Bank, N.A. ("Wells Fargo"); Wells Fargo Home Mortgage, a
division of Wells Fargo Bank, N.A. ("Wells Fargo Mortgage");
Americas Servicing Company, a division of Wells Fargo Home

9

Mortgage ("Americas Servicing"); Aldridge Pite, LLP, formerly known as Pite Duncan, LLP ("Aldridge Pite"); Resource Mortgage Banking, Ltd. ("Resource Mortgage"); Michael Covino ("Covino"); Mortgage Electronic Registration Systems, Inc. ("MERS"); and Specialized Loan Servicing ("SLS"). [Id. at PageID.13559-73.] Also included within the Hemmer Answer was Hemmer's Non-Hearing Motion for Leave to Enjoin Necessary Parties and Demand for Jury Trial ("Hemmer's Motion for Leave"). [Id. at PageID.13574-80.] On January 25, 2023, Hemmer filed another version of the Hemmer Answer, which appears to clarify that Hemmer's claims against U.S. Bank/Credit Suisse and his claims against Plaintiff are counterclaims, and that his claims against U.S. Bank, Wells Fargo, Wells Fargo Mortgage, Americas Servicing, Aldridge Pite, Resource Mortgage, Covino, MERS, and SLS (collectively "Third-Party Defendants") are third-party claims. [Dkt. no. 13-263.] On January 26, 2023, Edwards filed another version of the Edwards Answer that appears to make the same clarification. [Dkt. no. 13-264.]

On January 26, 2023, Hemmer removed the case based on diversity jurisdiction. See Notice of Removal of Action, filed 1/26/23 (dkt. no. 1) ("Notice of Removal"), at pg. 5, § I. There is no indication in the record that the state court ruled on either Defendants' Motion for Leave or Hemmer's Motion for Leave prior to the filing of the Notice of Removal. Hemmer

10

asserts he timely filed the Notice of Removal within thirty days after he was served with the First Amended Complaint.  See id. at pg. 9, § V.  Hemmer states Edwards consents to the removal of the case.  See id. at pg. 10, § VII; see also id., Exh. 13 (Notice of Consent to Removal, signed by Defendants on 1/22/23).

Plaintiff asks this Court to remand this case to the state court and to award Plaintiff its removal-related expenses, including attorney's fees and costs.  See Motion at 2. Plaintiff argues the removal based on diversity jurisdiction is untimely.[4]  [Motion, Mem. in Supp. at 4-8.]

### STANDARD

28 U.S.C. § 1441(a) states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

District courts have original jurisdiction over civil actions in two instances: 1) where a federal question is presented in an action arising under the Constitution,

---

[4] Plaintiff also argues the Notice of Removal "appears to allude to federal question jurisdiction pursuant to 28 U.S.C. § 1331." [Motion, Mem. in Supp. at 3.]  Hemmer expressly states that the Notice of Removal is not based on federal question jurisdiction.  [Hemmer Opp. at 6.]  This Court therefore will not address Plaintiff's arguments about the lack of federal question jurisdiction over this case.

federal law, or treaty; or 2) where diversity of citizenship and amount in controversy requirements are met. 28 U.S.C. §§ 1331, 1332.  In relevant part, "[j]urisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000."  Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam).

> "Removal and subject matter jurisdiction statutes are 'strictly construed,' and a 'defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.'"  Hawaii ex rel. Louie v. HSBC Bank Nev., N.A., 761 F.3d 1027, 1034 (9th Cir. 2014) (quoting Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008)).  Thus, "'[i]t is to be presumed that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction.'"  Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006)) (alterations in original). . . .

U.S. Bank, Nat'l Ass'n v. Mizukami, CIVIL NO. 15-00523 JMS-BMK, 2016 WL 632195, at *2 (D. Hawai`i Feb. 17, 2016) (alterations in U.S. Bank).

## DISCUSSION

### I.   Request for Remand

The Notice of Removal asserts that Defendants are citizens of California for purposes of diversity jurisdiction

because each is domiciled in California.  <u>See</u> Notice of Removal
at pg. 5, § II (citing 28 U.S.C. § 1332(a)(1)).  The Notice of
Removal also asserts that, for purposes of diversity
jurisdiction, Plaintiff is a citizen of Minnesota, and U.S.
Bank/Credit Suisse is a citizen of South Carolina.  <u>See</u> <u>id.</u> at
pgs. 6-7, § III.[5]  Plaintiff has not identified any evidence
disputing these representations, and this Court concludes, for
purposes of the instant Motion, that complete diversity exists.
<u>Cf.</u> <u>Demarest v. HSBC Bank USA, N.A.</u>, 920 F.3d 1223, 1226 (9th
Cir. 2019) (stating § 1332(a) "requires 'complete diversity' of
citizenship, meaning that 'the citizenship of each plaintiff is
diverse from the citizenship of each defendant'" (quoting

---

[5] The Notice of Removal also includes averments regarding
the Third-Party Defendants' citizenship.  <u>See</u> Notice of Removal
at pgs. 7-9, § IV.  First, it is unclear the Third-Party
Defendants are parties to this case because there is no
indication that the state court granted either Defendants'
Motion for Leave or Hemmer's Motion for Leave prior to removal.
Moreover, even if the third-party claims were permitted, the
Third-Party Defendants' citizenship does not affect the issue of
whether there is diversity of citizenship between Plaintiff and
Defendants.  <u>See</u> <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 66-67
n.1 (1996) ("[A]ssuming that jurisdiction is based upon
diversity of citizenship between [plaintiff] and [defendant],
the question concerning impleader is whether there is a
jurisdictional basis for the claim by [defendant] against
[third-party defendant].  The fact that [plaintiff] and [third-
party defendant] may be co-citizens is completely irrelevant.
Unless [plaintiff] chooses to amend his complaint to assert a
claim against [third-party defendant], [plaintiff] and [third-
party defendant] are simply not adverse, and there need be no
basis of jurisdiction between them." (some alterations in
<u>Caterpillar</u>) (quotation marks and citation omitted)).

<u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 68, 117 S. Ct. 467, 136 L. Ed. 2d 437 (1996))).   Further, neither Edwards nor Hemmer is a citizen of Hawai`i.   <u>See</u> 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

It is undisputed that the amount in controversy requirement is met.   <u>See, e.g.</u>, dkt. no. 13-5 (First Amended Complaint) at ¶ 26 ("The principal balance owing on the Note and Mortgage is $954,875.30 . . . ."); <u>id.</u> at pgs. 9-10 (seeking judicial foreclosure).   This Court therefore concludes, for the purposes of the instant Motion, that the requirements for diversity jurisdiction under § 1332(a)(1) are satisfied in this case.

The issue before this Court is whether the Notice of Removal was timely filed.   28 U.S.C. § 1446(b) and (c) state, in pertinent part:

> **(b)   Requirements; generally.**--(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and

14

is not required to be served on the defendant,
whichever period is shorter.

> (2)(A) When a civil action is removed
> solely under section 1441(a), all defendants
> who have been properly joined and served
> must join in or consent to the removal of
> the action.

> (B)  Each defendant shall have 30 days
> after receipt by or service on that
> defendant of the initial pleading or summons
> described in paragraph (1) to file the
> notice of removal.

> (C)  If defendants are served at
> different times, and a later-served
> defendant files a notice of removal, any
> earlier-served defendant may consent to the
> removal even though that earlier-served
> defendant did not previously initiate or
> consent to removal.

> (3)  Except as provided in subsection (c),
> if the case stated by the initial pleading is not
> removable, a notice of removal may be filed
> within 30 days after receipt by the defendant,
> through service or otherwise, of a copy of an
> amended pleading, motion, order or other paper
> from which it may first be ascertained that the
> case is one which is or has become removable.

> **(c)  Requirements; removal based on diversity of
> citizenship.**--(1) A case may not be removed under
> subsection (b)(3) on the basis of jurisdiction
> conferred by section 1332 more than 1 year after
> commencement of the action, unless the district
> court finds that the plaintiff has acted in bad
> faith in order to prevent a defendant from
> removing the action.

> . . . .

Under § 1446(b)(2)(B), Hemmer had a right of removal that was

separate from Edwards's right of removal.  Further, even though

Edwards could have removed the original Complaint and did not do so, the statute clearly provides that she had the ability to consent to the removal by Hemmer, the later-served defendant. See § 1446(b)(2)(C).  This Court therefore rejects Plaintiff's argument that Edwards's choice not to remove the case rendered her unable to give timely consent to Hemmer's removal.[6]

Plaintiff also argues the removal and/or Edwards's consent to removal was untimely under § 1446(c)(1).  [Motion, Mem. in Supp. at 6.]  Section 1446(c)(1) states that, in general, "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action . . . ."  The original Complaint was not removable by Hemmer because he was not a defendant in the original Complaint.  He filed the Notice of Removal within thirty days after being served with the First Amended Complaint, the pleading that first identified him as a defendant.  Thus, he filed the Notice of Removal within the period set forth in § 1446(b)(3), but his removal was "more than 1 year after commencement of the action[.]"  See § 1446(c)(1).

Section 1446(c)(1) allows removal beyond the one-year period if "the district court finds that the plaintiff has acted

---

[6] Because this Court has rejected Plaintiff's argument regarding the timeliness of Edwards's consent, this Court will not address Defendants' responses to that argument.

in bad faith in order to prevent a defendant from removing the action."  This district court has stated:

> The Ninth Circuit has not articulated a standard
> for evaluating "bad faith" under § 1446(c)(1),
> but "district courts in the Ninth Circuit have
> stated that 'defendants face a high burden to
> demonstrate that a plaintiff acted in bad faith
> to prevent removal.'"  Kolova v. Allstate Ins.
> Co., 438 F. Supp. 3d 1192, 1196 (W.D. Wash. 2020)
> (citation omitted); cf. Am. Unites for Kids v.
> Rousseau, 985 F.3d 1075, 1090 (9th Cir. 2021)
> (explaining, in the context of inherent authority
> sanctions, that "bad faith, including conduct
> done vexatiously, wantonly, or for oppressive
> reasons, requires proof of bad intent or improper
> purpose" (citations omitted)).

Daligcon v. Bank of Am., N.A., CIVIL NO. 21-00020 JAO-RT, 2021
WL 1329450, at *6 (D. Hawai`i Apr. 9, 2021) (footnote omitted).
Section 1446(c)(3) states that, if "the district court finds
that the plaintiff deliberately failed to disclose the actual
amount in controversy to prevent removal, that finding shall be
deemed bad faith under paragraph (1)."  Although the amount in
controversy is not at issue in the instant case, § 1446(c)(3) is
instructive as to the type of conduct that is necessary to
establish bad faith.

Hemmer argues Plaintiff has acted, and is continuing
to act, in bad faith to prevent him from removing this case.
Hemmer cites: Plaintiff's failure to file a timely corporate
disclosure statement after removal; [Hemmer Opp. at 2-3;] and
the service of Teresa Kisch after the state court's November 30,

2015 deadline to complete service of the original Complaint,
[id. at 7].  Hemmer argues U.S. Bank/Credit Suisse intentionally
delayed the service of Teresa Kisch until after one year from
the commencement of the action had passed in order to deny all
of the defendants the right to remove the case.  Hemmer argues
Plaintiff should be sanctioned for U.S. Bank/Credit Suisse's
wrongful conduct, and that sanction should be the denial of the
instant Motion. [Id. at 7-8.]  Edwards also argues U.S.
Bank/Credit Suisse's delay in effecting service on the heirs of
the Estate and Plaintiff's failure to file corporate disclosures
constitute bad faith.  [Edwards Opp. at 1-2, 5-8.]  In addition,
Edwards argues that, during 2016, in state court conferences and
during discovery, U.S. Bank/Credit Suisse made admissions that
indicate an attempt to conceal the real party in interest, and
Edwards argues that, as part of the attempt to conceal that
information, U.S. Bank/Credit Suisse and Plaintiff failed to
join other relevant parties, such as Wells Fargo.  [Id. at 2-5.]
Finally, Edwards argues Plaintiff made such significant changes
in the First Amended Complaint that the pleading should be
treated as the commencement of a new action, rather than the
continuation of the action commenced in 2015.  [Id. at 8-10.]

      Plaintiff's Motion for Leave represented that Edwards
conveyed the Property to Hemmer on December 13, 2019, and that
Hemmer obtained an interest in the Property through a Quitclaim

18

Deed recorded in the State of Hawai`i Bureau of Conveyances on July 9, 2021.  See dkt. no. 13-202 (Motion for Leave) at 1; see also dkt. no. 13-5 (First Amended Complaint) at ¶ 7.  Although Hemmer denied the allegations in paragraph 7 in its entirety, Hemmer appears to contest only whether his interest in the Property is superior to the interest claimed by Plaintiff; he does not allege any facts showing that he obtained an interest in the Property prior to 2019.  See dkt. no. 13-262 (Hemmer Answer) at pgs. 16-17.  Based on when Hemmer acquired his interest in the Property, nothing that U.S. Bank/Credit Suisse or Plaintiff did in the instant case prevented Hemmer from being able to remove the instant case within one year after the action commenced in 2015.  Similarly, the allegedly late filing of Plaintiff's Corporate Disclosure Statement after removal did not prevent Hemmer from being able to remove the instant case within one year after the action commenced.  This Court therefore finds that neither Plaintiff nor U.S. Bank/Credit Suisse "acted in bad faith in order to prevent [Hemmer] from removing the action." See § 1446(c)(1).

This Court also rejects Edwards's argument that the First Amended Complaint should be treated as the commencement of a new action, rather than the continuation of the action commenced in 2015.  The state court granted Plaintiff's Motion for Leave and allowed Plaintiff to file the First Amended

Complaint in the instant case.  In light of the state court's ruling, this Court declines to construe the filing of the First Amended Complaint as the commencement of a new action.

Thus, although Hemmer filed the Notice of Removal within thirty days after he was served with the First Amended Complaint, because more than a year had passed since the commencement of this action, the action could not be removed. See § 1446(c)(1).  The case must therefore be remanded to the state court.

## II.  **Request for Removal-Related Expenses**

28 U.S.C. § 1447(c) states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The United States Supreme Court has stated:

> Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied.  See, *e.g.*, Hornbuckle [v. State Farm Lloyds], 385 F.3d[ 538,] 541 [(C.A.5 2004)]; Valdes v. Wal-Mart Stores, Inc., 199 F.3d 290, 293 (C.A.5 2000).  In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case.  For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees.  When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under

20

> § 1447(c). Fogerty [v. Fantasy, Inc.], 510 U.S.
> [517,] 534, n.19 [(1994)]; see also Milwaukee v.
> Cement Div., National Gypsum Co., 515 U.S. 189,
> 196, n.8 (1995) ( "[A]s is always the case when
> an issue is committed to judicial discretion, the
> judge's decision must be supported by a
> circumstance that has relevance to the issue at
> hand").

Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005) (some

alterations in Martin).

Hemmer filed the Notice of Removal, with Edwards's

consent, within thirty days after Hemmer was served with the

First Amended Complaint. Further, Defendants presented

reasonable (although ultimately unsuccessful) arguments

supporting their position that the one-year-after-commencement

limitation did not apply in this case. This Court therefore

finds that Hemmer had an objectively reasonable basis for

removal and denies Plaintiff's request for an award of removal-

related expenses.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to

Remand, filed February 15, 2023, is HEREBY GRANTED IN PART AND

DENIED IN PART. The Motion is GRANTED insofar as this Court

ORDERS the instant case remanded to the state court, and the

Motion is DENIED as to Plaintiff's request for an award of

removal-related expenses.

The Clerk's Office is DIRECTED to effectuate the remand on **October 4, 2023,** unless a motion for reconsideration of the instant Order is filed on or before **October 3, 2023.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 19, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**U.S. BANK NATIONAL ASSOCIATION, ETC., ET AL. VS. KELLY EDWARDS, ET AL**; CV 23-00044 LEK-WRP; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REMAND